IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VINCE SCUDIERO and CHRISTEL THORNTON, § § § | |
| Plaintiffs, § § | |
| V. § | CIVIL ACTION NO. H-12-1088 |
| § | |
| RADIO ONE OF TEXAS II, L.L.C., a subsidiary of RADIO ONE, INC., § § § § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge upon referral from the District Judge is Defendant's Motion to Dismiss and to Compel Arbitration (Document No. 5), in which Defendant Radio One seeks dismissal of this case in favor of "contractually required arbitration." Having considered the motion, the response in opposition, the parties' additional briefing, the documents containing the arbitration provisions, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss and to Compel Arbitration (Document No. 5) be DENIED.

This is an employment discrimination case, with Plaintiff Scudiero alleging claims of race discrimination and retaliation, and Plaintiff Thornton alleging claims of retaliation. Defendant Radio One seeks dismissal of this case, arguing that the parties agreed to arbitrate all their disputes, including any employment related disputes. Defendant Radio One points to the language in an "Employee Acknowledgment Form and Agreement to Arbitrate" and an "Employee Complaint Procedure," to support its argument that arbitration is required. Plaintiffs, in response to the Motion

to Dismiss and to Compel Arbitration, argue that the arbitration agreement is illusory and unenforceable.

"In ruling on a motion to compel arbitration, the court first determines whether the parties agreed to arbitrate the particular type of dispute at issue.  Answering this question requires considering two issues: '(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (citing to and quoting *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007)).  Here, the parties' dispute focuses on whether there was a valid agreement to arbitrate, with Defendant Radio One arguing that there was such a valid agreement, and Plaintiffs arguing that the agreement is illusory and invalid.  Defendant relies primarily on the cases of *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 382, 384-85 (8th Cir. 1997), *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010), and *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862 (Tex. App.–Houston [14th Dist.] 2006, no pet.), for its argument that the agreement to arbitrate was valid.  Plaintiffs, in contrast, rely on *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202 (5th Cir. 2012), and *Morrison v. Amway Corp.*, 517 F.3d 248, 257-58 (5th Cir. 2008), for their argument that  the agreement is illusory and unenforceable.

The arbitration provisions are found on separate pages of Defendant Radio One's Employee Handbook.  The first provision, titled, "**10. EMPLOYEE ACKNOWLEDGMENT FORM AND AGREEMENT TO ARBITRATE**," provides as follows.

> I acknowledge receipt of the Radio One, Inc. ("Radio One" or "Company") Employee Handbook which describes important information about the Company, and I understand that I should review the contents and consult the Department of Human Resources regarding any questions not answered in the Handbook if I am unsure of the proper course of action in a given situation.

> Since the information, policies, and benefits described here are necessarily subject to change, I acknowledge that revisions to policies and benefits may occur. I understand the revised information may supersede, modify, or eliminate existing policies. Any interpretation of any provision of the Handbook is at the sole discretion of the President.
>
> Furthermore, I acknowledge that the policies and practices set out in this Handbook are not a contract of employment and are not intended to imply a contractual relationship. I also agree that my employment is "at will." I am free to terminate my employment at any time, with or without a reason, and the Company has the right to terminate my employment at any time, with or without a reason. Any employment agreement must be in writing and executed by an authorized representative of the Company.
>
> Any controversy or claim recognized by law arising out of or relating to this Employee Handbook, procedures delineated in it, or the employment relationship, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Notwithstanding the above-referenced Rules, any arbitration held under this section shall be conducted by a single, neutral arbitrator and the arbitration shall be held in Lanham, Maryland. The taking of depositions, except to perpetuate the testimony of unavailable witnesses, shall not be permitted in the arbitration proceedings. The parties shall each pay one-half of the AAA's administrative fees for the arbitration of the neutral arbitrator's fees not to include any costs for the transcription of the hearing, of depositions to perpetuate the testimony of unavailable witnesses, or any attorney's fees. The arbitrator shall issue a written award listing the issues submitted by the parties, together with a succinct explanation of the manner in which the arbitrator resolved or decided the issues.

Attachments 1 and 2 to Defendant's Motion to Dismiss and to Compel Arbitration (Document Nos. 5-2 at pp. 3, 7). Each Plaintiff signed a "**10. EMPLOYEE ACKNOWLEDGMENT FORM AND AGREEMENT TO ARBITRATE**." *Id.*

The second provision, titled, "**113. EMPLOYEE COMPLAINT PROCEDURE**," similarly provides, with respect to arbitration:

> Any controversy or claim recognized by law arising out of or relating to Employee Handbook, procedures delineated in it, or out of the employment relationship, shall be settled by arbitration in accordance with the Commercial

3

> Arbitration Rules of the American Arbitration Association ("AAA") and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Notwithstanding the above-referenced Rules, any arbitration held under this section shall be conducted by a single, neutral arbitrator and the arbitration shall be held in Lanham, Maryland. The taking of depositions, except to perpetuate the testimony of unavailable witnesses, shall not be permitted in the arbitration proceedings. The parties shall each pay one-half of the AAA's administrative fees for the arbitration of the neutral arbitrator's fees not to include any costs for the transcription of the hearing, of depositions to perpetuate the testimony of unavailable witnesses, or any attorney's fees. The arbitrator shall issue a written award listing the issues submitted by the parties, together with a succinct explanation of the manner in which the arbitrator resolved or decided the issues.

Attachments 1 and 2 to Defendant's Motion to Dismiss and to Compel Arbitration (Document Nos. 5-2 at pp. 4, 8). It appears that each Plaintiff also signed a "**113. EMPLOYEE COMPLAINT PROCEDURE**."

Plaintiff argues that it is the language in first referenced provision, which allowed Defendant Radio One to unilaterally change the "information, policies and benefits" described in the Employee Handbook, that renders illusory any agreement to arbitrate. According to Plaintiff, because "Radio One reserved the right to modify or eliminate its policies, benefits and information provided in the Employee Handbook . . . its promise to arbitrate was illusory rendering the arbitration provision unenforceable as a matter of law." Plaintiffs' Response (Document No. 6) at 11.

In *Morrison* and again in *Carey*, the Fifth Circuit held that arbitration agreements are unenforceable if they illusory, and they are illusory when one party retains the unilateral right to terminate the agreement. In *Morrison*, the arbitration provision was contained in an amendment to the "Rules of Conduct" governing the conduct of Defendant Amway's distributors. Applying Texas law to the arbitration provision contained in the amended Rules of Conduct, the Fifth Circuit found the arbitration provision illusory because Defendant Amway retained the right to unilaterally amend

4

the Rules of Conduct, including the arbitration provision. Without a limitation on Defendant Amway's right to amend the arbitration provision, the arbitration agreement was illusory and unenforceable. *Morrison*, 517 F.3d at 257 ("There is nothing in any of the relevant documents which precludes amendment to the arbitration program - made under Amway's unilateral authority to amend its Rules of Conduct - from eliminating the entire arbitration program or its applicability to certain claims or disputes"). Similarly, in *Carey*, which is more closely in line with this case, the arbitration provisions were contained in both an employee handbook and "Employee Handbook Receipt Acknowledgment." In a section of the Employee Handbook titled "Arbitration of Disputes," "all employment-related disputes, whether initiated by an employee or by 24 Hour Fitness [were to] 'be resolved only by an arbitrator through final and binding arbitration.'" *Carey*, 669 F.3d at 204. The "Employee Handbook Receipt Acknowledgment" essentially reiterated the arbitration provision, and additionally provided that the terms and provisions in the Employee Handbook were subject to change: "24 Hour Fitness has the right to revise, delete, and add to the employee handbook." *Id.* The Fifth Circuit found that the language which gave 24 Hour Fitness the unilateral right to "revise, delete, and add to the employee handbook" rendered the arbitration provisions illusory. In so doing, the Fifth Circuit focused on the fact there was nothing in the employee handbook or the "Employee Handbook Receipt Acknowledgment" that limited "24 Hour Fitness' ability to make retroactive modifications to the arbitration provision." *Id.* at 206-207.

    Defendant Radio argues that neither *Morrison* nor *Carey* controls because the Texas Supreme Court, in *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010), recently determined that an arbitration provision in an employee handbook, similar to that at issue herein, was not illusory. In addition, Defendant points to the decisions from Texas' Fourteenth Court of Appeals in *D.R. Horton, Inc. v.*

5

*Brooks*, 207 S.W.3d 862 (Tex. App.–Houston [14th Dist.] 2006, no pet.), as supportive of its position that the arbitration agreement is enforceable. The Fifth Circuit, in the *Carey* decision, cited to the Texas Supreme Court's opinion in *24R* and discussed and distinguished the Texas Court of Appeals' decision in *D.R. Horton*. *Carey*, 669 F.3d at 205, 209 n.2. In both cases, the Texas courts found that the employer did not retain the right to unilaterally modify or limit the arbitration provision. Defendant Radio One urges the same result here, arguing that it did not, as a matter of law, retain the right to modify the arbitration provisions because the second arbitration provision, the "**113. EMPLOYEE COMPLAINT PROCEDURE**," was a separately signed agreement that contained no language allowing for any modification. To the extent the arbitration provisions in *Carey* parallel those in this case, the Fifth Circuit's consideration of *24R* and *D.R. Horton* are binding on this Court. Moreover, Defendant Radio One's argument that there were two separate arbitration provisions, one which could have been modified, and one which could not have, ignores the fact that *both* provisions were part of its Employee Handbook. Each provision contains a notation at the bottom that it is part of "RadioOne/Employee Handbook/November 16, 1998." Radio One has offered nothing to establish that "**113. EMPLOYEE COMPLAINT PROCEDURE**," was an agreement that existed separate and apart from the other arbitration provision and the rest of the terms and provisions in the Employee Handbook, including that which gave Defendant Radio One the unlimited and unilateral right to modify, eliminate and interpret the "information, policies and benefits" described in the Employee Handbook.

     Having carefully considered the arbitration provisions at issue, and the cases cited to and relied upon by both sides, the undersigned concludes that this case is controlled by the Fifth Circuit's decision in *Carey*. The arbitration provisions at issue, because they are subject to Defendant Radio

One's reserved, unilateral and unlimited right to modify, eliminate and interpret the "information, policies and benefits" described in the Employee Handbook, are, based on the Fifth Circuit's reasoning in *Carey*, illusory and unenforceable. Therefore, the Magistrate Judge

RECOMMENDS that Defendant's Motion to Dismiss and to Compel Arbitration (Document No. 5) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of September, 2012.

_Frances H. Stacy_
Frances H. Stacy
United States Magistrate Judge