```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION
VINCE SCUDIERO and CHRISTEL     §
THORNTON,                       §
                                §
               Plaintiff,       §
                                §
VS.                             §   CIVIL ACTION H-12-1088
                                §
RADIO ONE OF TEXAS II, LLC,     §
                                §
               Defendant.       §
```

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, are (1) Defendant Radio One of Texas II, LLC's ("Radio One's") motion to dismiss and compel arbitration (instrument #5), (2) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#14) that the motion be denied, and (3) Radio One's objections (#15).

The United States Magistrate Judge determined that the two arbitration provisions at issue, found on separate pages of Radio One's Employee Handbook, were illusory and unenforceable because in that Handbook, Radio One reserved the right unilaterally to modify or eliminate its policies, benefits, and information in the Employee handbook.  Judge Stacy relied on two Fifth Circuit cases, *Morrison v. Amway Corp.*, 517 F.3d 248, 257-58 (5th Cir. 2008), and especially on *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012).

Radio One objects that the Magistrate Judge relied on "non-controlling Fifth Circuit case law" and ignored case law from the Texas Supreme Court and the Houston Fourteenth Court of Appeals. *In re 24R, Inc.* 324 S.W. 3d 564, 567 (Tex. 1010)(an arbitration clause in an employee handbook similar to that at issue here, was not illusory.); *D.R. Horton, Inc, v. Brooks*, 207 S.W. 3d 862 (Tex. Civ. App.--Houston [14th Dist.] 2006).

After reviewing the briefs and the cited cases, the Court agrees with Plaintiffs that the Texas cases are factually distinguishable in that the documents containing the arbitration provisions were not included in, but were separate from, the employee handbooks, to which the right to unilaterally modify or terminate the agreement solely applied.  Moreover, it concurs with Magistrate Judge Stacy's legal analysis.

Accordingly, the Court

ORDERS that Radio One's objections (#15) are OVERRULED. Moreover, the Court

ADOPTS Magistrate Judge Stacy's memorandum and order (#14) as its own and hereby ORDERS that Defendants' motion to compel arbitration (#5) is DENIED.

**SIGNED** at Houston, Texas, this  19th  day of  February , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE