```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

VINCE SCUDIERO and CHRISTEL     §
THORNTON,                       §
                                §
            Plaintiff,          §
                                §
VS.                             §   CIVIL ACTION H-12-1088
                                §
RADIO ONE OF TEXAS II, LLC,     §
                                §
            Defendant.          §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, grounded in 42 U.S.C. § 2000e, *et. seq.*, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, the Civil Rights Act of 1870, as amended by the Civil Rights Act of 1991, and tortious interference with contract under Texas common law, are Defendant Radio One of Texas II, LLC's ("Radio One's") (1) motion for summary judgment as to the claims of Plaintiff Vincent Scudiero ("Scudiero")(instrument #35) and (2) motion for summary judgment as to the claims of Plaintiff Christel Thornton ("Thornton")(Scudiero and Thornton collectively, "Plaintiffs") (#36).

Scudiero, a Caucasian, male, senior account executive, formerly employed by Radio One, alleges reverse racial discrimination and retaliation under Title VII and § 1981. Thornton, formerly an African American account executive for Defendant, asserts claims for racial discrimination and retaliation under Title VII and § 1981, and tortious interference with contract

under Texas common law.

After a careful review of Radio One's motions for summary judgment (#35 and 36), Plaintiffs' response (#37), Radio One's replies (#42 and 43), Plaintiffs' surreply to Radio One's reply to Plaintiffs' response to Radio One's motion for summary judgment regarding claims against Thornton (#45), Plaintiffs' supplemental response to Radio One's motion for summary judgment (#46), Plaintiffs' surreply to Radio One's reply to Plaintiffs' response to Radio One's motion for summary judgment regarding Scudiero (#48), and the applicable law, the Court finds that Plaintiffs have raised genuine issues of material fact with supporting evidence with regard to all of Radio One's arguments in its motions for summary judgment relating to Plaintiffs' claims under Title VII and Section 1981.

As for Thornton's claim for tortious interference with contract, with supporting evidence Radio One has argued that it fails as a matter of law because its conduct in interfering with Thornton's subsequent employment by CBS Radio was legally justified because Thornton executed a valid and enforceable Noncompetition Agreement with Radio One when she began her employment.  #36, Ex. A, Thornton Dep. at 162:7-10 and Ex. 15 (Noncompetition Agreement). *See, e.g., Texas Beef Cattle Co. v. Green*, 921 S.W. 203, 211 (Tex. 1996)(Tortious interference is legally justified "based on either the exercise of (1) one's own legal rights or (2) a good-faith

claim to a colorable legal right, even though that claim ultimately proves to be mistaken."); *Logic Process Corp. v. Bell & Howell Publications Systems Co.*, 162 F. Supp. 2d 533, 541 (N.D. Tex. 2001). Thornton has not responded to Radio One's argument and therefore failed to raise a genuine issue of material fact for trial.

Accordingly, the Court

ORDERS that the motions for summary judgment (#35 and 36) are DENIED as to Plaintiffs' claims under Title VII and Section 1981, but GRANTED as to Thornton's claim for tortious interference with contract.

**SIGNED** at Houston, Texas, this  14th  day of  August , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE